# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN CORT KLOEHR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 16-CV-376-JED-PJC |
| | ) |
| E. SCOTT PRUITT, Oklahoma | ) |
| Attorney General, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Doc. 10). Petitioner, a *pro se* litigant, filed this habeas corpus petition to challenge his conviction and sentence for Perjury in Nowata County District Court Case No. F-2012-34 (Doc. 4). Respondent alleges the petition should be dismissed pursuant to 28 U.S.C. § 2244(d)(1), because Petitioner is not in custody for his conviction.

The record shows that Petitioner was convicted following a jury trial in Case No. CF-2012-34. *Kloehr v. State*, No. F-2014-146, slip op. at 1 (Okla. Crim. App. July 1, 2015) (Doc. 11-1). He was not sentenced to incarceration for his conviction, but was assessed a $5,000 fine as punishment. *Id.* The Oklahoma Court of Criminal Appeals affirmed the conviction and sentence. *Id.*

Petitioner argues in his response to the motion to dismiss that his prosecution arose from his political activities which exposed misconduct by local government officials (Doc. 24 at 3-4). He claims he was denied his right to a fair trial by an impartial judge and jury, and his trial and appellate counsel were ineffective (Doc. 24 at 8-13). He also asserts he is factually innocent (Doc. 24 at 22). These arguments, however, do not address the issue of his custody status when the petition was filed.

Petitioner further alleges his felony conviction has restrained him from running for elected

office or voting for himself for 15 years (Doc. 24 at 20-21). Because he is a "political animal and activist," he maintains this consequence of his conviction is a cruel and unusual punishment, and the restriction on his liberty makes the issue of being physically "in custody" moot (Doc. 24 at 21, 28). The Supreme Court, however, has held that when a sentence has fully expired, the collateral consequences of that conviction, such as "inability to vote, engage in certain business practices, hold public office, or serve as a juror," are not sufficient to render a petitioner "in custody" for purposes of establishing habeas corpus jurisdiction. *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989).

Petitioner also complains that the Oklahoma Court of Criminal Appeals issued a Summary Opinion affirming his Judgment and Sentence, rather than a full Opinion (Doc. 24 at 23-24). He claims the Summary Opinion denied him a full and fair hearing of his appeal. *Id.* at 24. The United States Supreme Court has recognized that "courts of appeal should have wide latitude in their decisions of whether or how to write opinions." *Taylor v. McKeithen*, 407 U.S. 191, 194 n.4 (1972) (per curiam). Further, the Tenth Circuit Court of Appeals has expressly upheld the use of summary opinions in unpublished cases. *King v. Champion*, 55 F.3d 522, 526 (10th Cir. 1995). This Court finds Petitioner's argument is meritless and irrelevant to the issue of whether he was in custody when he filed this petition.

"The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (1991) (citing 28 U.S.C. § 2254(a)). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack *at the time his petition is filed*." *Maleng*, 490 U.S. at 490-91 (emphasis added) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). Regarding Petitioner's fine, "payment of restitution or a fine,

absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas statutes." *Erlandson v. Northglenn Municipal Court*, 528 F.3d 785, 788 (10th Cir. 2008) (quoting *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003)). Therefore, the Court finds Petitioner has failed to show he was "in custody" pursuant to 28 U.S.C. § 2244(d)(1) when he filed this petition. Respondent's motion to dismiss (Doc. 10) is **granted**.

### Certificate of Appealability

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). He also has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A certificate of appealability cannot be issued.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss habeas corpus petition as Petitioner is not in custody on his conviction (Doc. 10) is **granted**.

2. Petitioner's petition for a writ of habeas corpus (Doc. 1) is **dismissed without prejudice** for lack of subject matter jurisdiction.

3. A separate Judgment in favor of Respondent shall be entered in this matter.

4. A certificate of appealability is **denied**.

ORDERED THIS 12th day of September 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE